Beverly A. SPENCER, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 04–3301.

United States Court of Appeals, Federal Circuit.

Aug. 9, 2004.

Beverly A. Spencer, of Counsel, Matteson, IL, for Petitioner.

Cheryl L. Evans, Principal Attorney, Robert E. Kirschman, Jr., David M. Cohen, of Counsel, Department of Justice, Washington, DC, for Respondent.

Before GAJARSA, LINN, and PROST, Circuit Judges.

*ORDER*

PROST, Circuit Judge.

Beverly A. Spencer moves (1) for the court "to accept her petition for review as timely filed," (2) for "reconsideration of the May 28, 2004 out of Time Decision," and (3) for leave to proceed in forma pauperis. The court considers whether Spencer's pe-

tition for review should be dismissed as untimely.

On March 4, 2004, the Merit Systems Protection Board issued a final decision in Spencer's case, specifying that its decision was final and that any petition for review must received by this court within 60 days of receipt of the Board's decision. Spencer states that she received the decision on March 13, 2004. Spencer's petition for review was received by the court on May 25, 2004, 73 days after her receipt of the Board's decision.

Our review of a Board decision is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administration,* 735 F.2d 1335, 1336 (Fed.Cir. 1984). Thus, under the time provision of the statute, Spencer's petition for review was due in this court within 60 days of receipt of the Board's final decision, i.e., May 12, 2004.

Spencer argues that she mailed her petition for review to the court on May 3, 2004. However, the court did not receive Spencer's petition for review until May 25, 2004, and a petition for review is not filed until it is received by the court. *See* Fed. R.App. P. 15(a)(1) ("Review of an agency order is commenced by filing, within the time prescribed by law, a petition for review with the clerk of a court of appeals authorized to review the agency order"); Fed. R.App. P. 25(a)(2)(A) ("Filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the

clerk receives the papers within the time fixed for filing").* Because it was received on May 25, 2004, 13 days late, this court must dismiss Spencer's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) Spencer's petition for review is dismissed.

(2) Each side shall bear its own costs.

(3) All pending motions are moot.

---

* Spencer also argues that she submitted her petition for review via facsimile on May 12, 2004. However, pursuant to Fed. Cir. R. 25(b), petitions for review may not be filed via facsimile.